UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY HENRY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:22-614 |
| v. | : | (JUDGE MANNION) |
| SHYANNA MCKIVIGON and OLD LYCOMING TWP. POLICE DEPARTMENT, | : | |
| | : | |
| Defendants | : | |

# O R D E R

Pending before the court is the report of Magistrate Judge Martin C. Carlson which recommends that the plaintiff's complaint be dismissed pursuant to the screening provisions of 28 U.S.C. §1915(e)(2)(B)(ii). (Doc. 7). The plaintiff has failed to file objections to Judge Carlson's report.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether

timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. '636(b)(1); Local Rule 72.31.

In reviewing the plaintiff's complaint, Judge Carlson determined that the complaint fails to contain any articulable prayer for relief and therefore violates Rule 8 of the Federal Rules of Civil Procedure. Moreover, Judge Carlson observed that the plaintiff has named the Old Lycoming Township Police Department, which is an improper defendant under 42 U.S.C. §1983. Further, although the complaint fails to contain a prayer for relief, to the extent that the plaintiff is seeking to have this court enjoin any aspect of his pending state criminal proceedings, Judge Carlson determined that the action is barred by the *Younger*[1] abstention doctrine which precludes federal courts from interfering with ongoing state criminal proceedings.[2] Finally, Judge Carlson finds that the plaintiff has failed to state a claim for malicious

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).
[2] Plaintiff's complaint reveals he is a pre-trial detainee awaiting disposition of charges for possession with intent to deliver drugs, tampering with evidence, possession of drug paraphernalia and providing false identification to police.

timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. '636(b)(1); Local Rule 72.31.

In reviewing the plaintiff's complaint, Judge Carlson determined that the complaint fails to contain any articulable prayer for relief and therefore violates Rule 8 of the Federal Rules of Civil Procedure. Moreover, Judge Carlson observed that the plaintiff has named the Old Lycoming Township Police Department, which is an improper defendant under 42 U.S.C. §1983. Further, although the complaint fails to contain a prayer for relief, to the extent that the plaintiff is seeking to have this court enjoin any aspect of his pending state criminal proceedings, Judge Carlson determined that the action is barred by the *Younger*[1] abstention doctrine which precludes federal courts from interfering with ongoing state criminal proceedings.[2] Finally, Judge Carlson finds that the plaintiff has failed to state a claim for malicious

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).
[2] Plaintiff's complaint reveals he is a pre-trial detainee awaiting disposition of charges for possession with intent to deliver drugs, tampering with evidence, possession of drug paraphernalia and providing false identification to police.

prosecution.[3] It is therefore recommended that the plaintiff's complaint be dismissed pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(ii).

As stated previously, the plaintiff has not objected to any part of Judge Carlson's report and recommendation. Upon review, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Carlson to his conclusions. As such, the court will adopt the report and recommendation as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Carlson **(Doc. 7)** is **ADOPTED IN ITS ENTIRETY AS THE DECISION OF THE COURT**.

**(2)** The plaintiff's complaint **(Doc. 1)** is **DISMISSED** pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(ii).

---

[3] The United States Supreme Court recently defined "the elements of the malicious prosecution tort as follows: (i) the suit or proceeding was 'instituted without any probable cause'; (ii) the 'motive in instituting' the suit 'was malicious,' which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution 'terminated in the acquittal or discharge of the accused.'" *Thompson v. Clark*, —— S. Ct. ——, 2022 WL 994329, at *4 (U.S. Apr. 4, 2022) (quoting T. Cooley, Law of Torts 181 (1880)). For the third element, "[a] plaintiff need only show that the criminal prosecution ended without a conviction." Id. at *7. In this case, plaintiff has not stated any facts indicating that his state criminal proceedings ended without a conviction.

**(3)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 27, 2022**
22-614-01